IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Venice PI, LLC | ) |
| Plaintiff, | ) |
| | ) Case No.: 17-cv-06418 |
| v. | ) |
| | ) |
| Does 1-23 | ) |
| Defendant | ) |

**DEFENDANT JOHN DOE'S 7 MOTION AND MEMORANDUM IN SUPPORT OF ITS
MOTION TO DISMISS AND/OR SEVER DEFENDANT DOE 7, AND TO QUASH THE
CORRESPONDING SUBPOENA TO COMCAST OR IN THE ALTERNATIVE, FOR
THE ENTRY OF A PROTECTIVE ORDER**

NOW COMES Defendant John Doe 7(hereinafter referred to as "Defendant 7 "or "Doe 7") with an IP address of 73.44.154.184, by and through counsel, John M. Kuranty and hereby moves this Court to dismiss   Plaintiff  Venice PI LLC (hereinafter referred to as "Plaintiff") Complaint for failure to state a claim under Fed. R. Civ. P. 12(b) (6), or  in the alternative, to sever and dismiss Doe 7 from this case and to quash the subpoena served on defendant's Internet  Service Provider  (hereinafter referred to as "ISP"). If Defendant's identity hidden and Defendant allowed to litigate this matter anonymously.

**I.FACTUAL BACKGROUND**

This is an internet copyright infringement case. Plaintiff alleges that it owns a copyright in allegedly infringed media and that several John Doe defendants illegally downloaded and uploaded the media via BitTorrent Software. See Plaintiff's Complaint, Dkt. 1 at ¶¶2-3). Plaintiff asserts that it does not have the identities of the defendants, but only possess the internet protocol addresses ("IP"). Id at ¶ 11. Plaintiff has filed a subpoena with the ISP in this case in order to obtain the identities of the individuals assigned to the different IP addresses. Id.

Plaintiff produced a motion picture titled Once upon time in Venice, for which it claims that it is an action/ comedy/ thriller. Complaint, Dkt.1 at ¶ 2. Plaintiff alleges that the John Doe defendants downloaded and uploaded its copyrighted motion picture without authorization. Id at ¶ 14. In the Complaint, Plaintiff fails to plead how it acquired John Doe Defendants' IP addressed. Plaintiff has also failed to plead that the IP addresses were obtained via a liable source. Attached to Plaintiff's Complaint is a list of IP addresses, with times and dates of when

the alleged infringement occurred. Exhibit 1.1. This attachment is devoid of other information determining that the IP addresses are actual culprits of this alleged.

Defendant resides in the city of Burbank, Illinois with her boyfriend. Defendant home is in a densely populated area and there are multiple dwellings in the vicinity of Defendant's home. Defendant receives internet from Comcast, a well-known and utilized ISP in the area. Defendant uses a wireless router that sends a signal to all compatible devices within a given range in order to provide Internet service throughout the home and beyond. Interestingly, Plaintiff's Exhibit 1.1 has this IP address listed in McHenry, Illinois, nowhere near the city of Burbank, and in fact over 60 miles away!

At the time of alleged infringement, Plaintiff's motion picture was readily available on Netflix or DVD or cable television and Red Box for viewing, at the time of the alleged infringement, all of which give Defendant no incentive of downloading or uploading the copyrighted material.

## II. ARGUMENT

A. Plaintiff Improperly Joined Defendants and therefore the Subpoena should be quashed.

The subpoena issued against Defendant 7 should be quashed for improper joinder under Fed. R. Civ. P. 20(a) (2) which states in pertinent part:

All persons... may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgement maybe given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.

DIRECTV v. Loussaert, 218 F.R.D. 639 (S.D. Iowa 2003).

The purpose of the Rule is to entertain "the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged, though this does not mean that a permissive joinder will always be allowed. *Mosley v. General Motors Corp., 497 F. 2D 1330 (8th Cir. Mo. 1974).* There has been a trend of decisions across the nation concluding that joinder in cases such as this is improper and thus Doe Defendants must be severed from this suit. E.g. *Malibu Media,* LLC v. Does 1-14, 2012 WL 3401441, Case No. 12-cv- 2071 (D. Colo. August 14, 2012) (holding joinder improper and severing all but Doe 1); Malibu Media v. John Does 1-10, Case No. SACV 12-649-JST (MLG x), [ DE 8] (C.D. Cal. June 14, 2012) (concluding that joinder of 10 Doe defendants was not appropriate under a BitTorrent Protocol theory). See also West Coast Productions, Inc. V. Swarm Sharing Hash Files, et. al., D. E.

and quashing all subpoenas to ISPs); *Bubble Gum Productions,* LLC v. Does 1-80, 2012 WL 2953309 (S. D. Fla. July 19, 2012) (holding that joinder is improper and severing Does 2-80).

This court should follow the trend of many other courts in severing the Doe defendants in this matter and find that the joinder is improper and severing Doe 7 from this matter, quashing the third-party subpoena. Where there is misjoinder, a court may on just terms, add or drop a party as long as "no substantial right will be prejudiced by severance." AF Holding, LLC v. Does 1-97, No. C 11-3067 CW, 2011 U. S. Dist LEXIS 126225, *5 (N.D. Cal. Nov. 1, 2011).

In short, Defendants actions do not arise out of the same transaction or occurrence and permitting joinder would undermine Rule 20 (a)'s purpose of judicial economy and trial convenience, For the above reasons, the Doe 7 defendant should be severed and the third-party subpoena should be quashed.

### B. The Use of BitTorrent Program is insufficient to Warrant Joinder

Plaintiff has assumed that joinder is proper under the allegations of the use of BitTorrent program. There has been no showing by Plaintiffs that a BitTorrent program creates a relationship between the Defendants to account for a Rule 20(a)joinder. Hard Drive Prods., Inc. v Does 1-188, 809 F. Supp 2nd 1150, 1157(2011) (where the court held that the relationship created through the BitTorrent Protocol does not support joinder).

Plaintiff asserts that the Defendants are joined due to the alleged use of a BitTorrent program to share its copyright material without authorization. In Plaintiff's Complaint, there is no allegations that the John Doe Defendants conspired or otherwise acted in concert in sharing the material. The actions of the separate Defendants did not arise out of the same transaction or occurrence as required by Rule 20.

Courts in Malibu Media have concluded that under the BitTorrent Protocol, it is not necessary that each of the Does... participated in or contributed to the downloading of each other's copies of the work at issue-or even participated in or contributed to the downloading by any of the Does... any ' pieces' of the work copied or uploaded by any individual Doe may have gone to any other Doe or to any of the potentially thousands who participated in the BitTorrent Protocol does not mean that they were part of the downloading by unknown hundreds or thousands of individuals across the country or across the world. Supra Malibu Media, 2012 WL 3030300 at *3. Joinder is further improper because it may cause severe practical problems. All defendants should not be created equal. It has been discussed about the disparity in factual scenarios and how those disparities can be great: for example, one defendant may be one who registered for the IP Address and that address was abused when the defendant allowed a family member or a friend access to the address, while another defendant maybe be one in which a roommate abused the address to commit illegal activities. BMG v. Does 1-203,2004 WL 953888, AT *1 (where the court said that wholesale litigation in these claims is inappropriate...).

Allowing joinder is this matter would include many defendants with different factual scenarios, many of whom will be proceeding with counsel or pro se. This could result in the unmanageability and procedural inefficiency of this matter. With so many different representatives of the defendants, there could be a vast amount of mini pretrial to hash out various issues not common among the defendants. If this matter was to proceed with the joinder of all the defendants, this would cause a significant prejudice to the Does, which would be unfair to all defendant parties. E.g. Malibu Media, 2012 WL 3030300 at *3.

### III. The Court Should Quash the Subpoena or in the alternative Issue a Protective Order

#### a. The Court Should Quash the Subpoena

The alleged activity of the listed Defendants happened over a 1-day span of time at various times throughout the day. See Plaintiff's Exhibit 1.1. Each alleged act independent at best and does not purport to act in a conspiracy with others in order to perform an illegal act. There is no indication that the Defendants acted in concert with each other. Plaintiff in this matter does not present how it acquired the IP Addresses listed in Exhibit 1.1 purporting to show this IP address was a part of BitTorrent activity that unlawfully shared Plaintiff's copyrighted material.

In order to properly request a subpoena, Plaintiff should show that any software or other means of detection it may have used was one in which the industry has viewed as trustworthy, which Plaintiff has failed to do. Plaintiff has also failed to show that the detection method was in properly working function at the time it detected the listed IP addresses.

There is no showing that any of the information is accurate or how it was retrieved. Accordingly, for all the reasons state above, the subpoena requesting the identification of Doe 7 should be quashed.

#### b. The Court has the Authority to Issue a protective order allowing anonymity of the unidentified Does.

In the event that this court deems that joinder of the defendants is proper in the matter and the subpoena should not be quashed, the court should use it discretion in issuing a protective order to allow Doe 7 to proceed anonymously. There has been no proof that Doe 7 has unequivocally performed the acts in which it is accused of.  Should this  case progress against Doe 7, it will be proven that Doe 7 is not in fact guilty of the allegations as set forth in Plaintiff's Complaint. Allowing Doe 7 identity to be revealed in the public records of the court could prove harmful to the defendant in future aspects, such as securing a job. As there has been a replete amount of cases in this industry where there has been 'copyright trolls' using the court system in order to gain high settlement against unsuspecting individuals claimed to be

defendants, Doe 7 identity should not be revealed in this matter, which could be included in the public records. Doe 7 is only a student proceeding down a path to further its career.

Furthermore, there is good cause to enter a protective order for Doe 7 under Fed. R. Civ. P. 26 (c) due to the fact that there is a reasonable likelihood that Doe 7 may not have had any involvement at all. Doe 7 is currently speaking with its ISP in hope of launching an investigation of possible hacking of its IP address and to find the source of any alleged illegal activity involving its IP address.

There is little, if any at all, public interest in revealing the identity of Doe 7, as the case does not involve the public health or welfare. See *Glenmede Trust Co. v, Thompson,* 56 F. 3d 476, 483 (3d Cir. 1995).

## CONCLUSION

Doe 7 requests that the Court dismiss Dallas Buyers Club Complaint against Doe 7 for the above stated reasons. Further, Plaintiff cannot in good faith plead that the defendants were properly joined in this matter under its BitTorrent Protocol allegations. If the court does find that there is proper joinder. Doe 7 requests this court sever defendant and prevent Doe 7 from defending itself in matte with many other defendants that Doe 7 has no relationship with and whom may not assert the same defenses as Doe 7. Finally, Doe 7 moves this court to quash the subpoena requesting Doe 7 's identity to be revealed or in the alternative, Doe 7 requests that this courts issues a protective order allowing Doe 7 to move forward in this matter anonymously for the foregoing reasons.

WHEREFORE Defendant Doe 7 respectfully requests this court to enter an Order granting Doe 7's motion in conjunction with the above requested relief.

Respectfully,

/s/ John M. Kuranty

John M. Kuranty
Attorney at Law

John M. Kuranty
Attorney at Law
7925 W. 103rd St. Ste.1A
Palos Hills IL 60465
708-430-1118